# United States Court of Appeals for the Federal Circuit

2007-3084

ROGIE T. QUIOCSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Rogie T. Quiocson, of Olongapo City, Philippines, pro se.

David M. Hibey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3084

ROGIE T. QUIOCSON

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: June 19, 2007

_____

Before SCHALL and BRYSON, Circuit Judges, and HOLDERMAN, Chief District Judge.*

BRYSON, Circuit Judge.

Rogie T. Quiocson appeals from a decision of the Merit System Protection Board, Docket No. SF-0831-06-0449-1-I, affirming a ruling by the Office of Personnel Management ("OPM") that denied her application for a survivor annuity under the Civil Service Retirement System ("CSRS"). We affirm.

I

Ms. Quiocson's late husband, Rodolfo Quiocson, worked for the Department of the Navy at the U.S. Naval Ship Repair Facility at Subic Bay in the Philippines from

_____

* Honorable James F. Holderman, Chief Judge, United States District Court for the Northern District of Illinois, sitting by designation.

August 16, 1963, until his death on September 17, 1991. The record shows that his original appointment in 1963 was to an excepted service part-time position, and that he received six additional part-time excepted service appointments between 1963 and July 1965. In September 1965 he was converted to an indefinite appointment in the excepted service, and he received three promotions between February 1966 and October 1977 (all to excepted service positions). In March 1984, Mr. Quiocson was reassigned to the position of Marine Machinery Mechanic, a position that he held until his death in 1991. Mr. Quiocson's appointment forms for those appointments variously refer to his retirement coverage as "none," "not applicable," or "other." No deductions for CSRS retirement benefit contributions were ever withheld from his pay. Upon Mr. Quiocson's death, his designated beneficiaries received a death benefit and severance pay in accordance with the Filipino Employment Personnel Instructions ("FEPI").

Ms. Quiocson applied to OPM for a CSRS survivor annuity in April 2005. OPM determined that none of Mr. Quiocson's federal service was covered by CSRS and denied the application. Ms. Quiocson appealed to the Merit Systems Protection Board, which affirmed OPM's decision.

II

To qualify for a civil service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be "covered service," i.e., service that is subject to the Civil Service Retirement Act. See 5 U.S.C. § 8333; Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995). As the Board found, none of Mr. Quiocson's service constituted "covered service" such as to entitle him to CSRS benefits. Instead, Mr.

Quiocson's service was rendered exclusively under temporary and indefinite appointments. Service under those types of appointments is excluded from CSRS retirement coverage under OPM regulations. See 5 C.F.R. § 831.201(a). Moreover, Mr. Quiocson's appointment forms indicate that his positions were not covered by the CSRS and that no CSRS retirement contributions were withheld from his pay. Mr. Quiocson was covered by a different retirement system, the FEPI. His receipt of benefits under a non-CSRS plan indicates that his service was not covered under the CSRS. See 5 U.S.C. § 8331(1)(ii); De Guzman v. Dep't of the Navy, 231 Ct. Cl. 1005, 1005 (1982); Reyes v. Office of Pers. Mgmt., 60 M.S.P.R. 172, 175 (1993), aff'd, 29 F.3d 645 (Fed. Cir. 1994) (unpublished table decision).

Ms. Quiocson argues that because Mr. Quiocson died while in service he did not need to meet the covered service requirement. She bases her argument on a statutory provision applicable to those separated from service because of death. See 5 U.S.C. § 8333(b). The Board has held, however, that the section 8333(b) exception applies only to waive the time-of-service requirement for a covered employee; it does not eliminate the requirement that the employee serve in a covered position. Mangaliag v. Office of Pers. Mgmt., 65 M.S.P.R. 227, 231 (1994). The legislative history of that provision supports the Board's interpretation. It indicates that the exception was created to address the problem of a covered employee who is separated as a result of death or disability and was out of the service for a period of time before his separation. In such a case, the exception in section 8333(b) waives the requirement that the employee complete one year of covered service within the two-year period before his separation. S. Rep. No. 84-1787, at 7 (1956). Mr. Quiocson, however, never served in

a covered position. To the contrary, the position he held at the time of his death was an indefinite appointment position. Pursuant to statute, 5 U.S.C. § 8347(g), OPM has promulgated a regulation that excludes persons holding indefinite appointments from CSRS retirement coverage, 5 C.F.R. § 831.201(a)(13). Ms. Quiocson's interpretation of section 8333(b), if adopted, would have the effect of converting indefinite appointments into covered positions for all persons separated as a result of death or disability, contrary to the statutory and regulatory exclusion from coverage of all employees holding indefinite appointments. Therefore, the fact that Mr. Quiocson was separated from the service by death does not affect Ms. Quiocson's eligibility for CSRS benefits.

Ms. Quiocson also argues that the Board erred in denying her request to make a deposit on her husband's behalf so as to overcome the problem that no CSRS deductions were withheld from his pay. Her argument, however, is based on a faulty premise. The absence of deductions is an indication that an employee was not serving in a covered position. A retroactive deposit does not convert a non-covered position into a covered position.

Finally, Ms. Quiocson argues that Mr. Quiocson's assignments to tenure group 2 upon his promotion in 1966 and to tenure group 1 upon his promotion in 1968 establish that his position qualified as "covered service." That is not the case. Tenure group assignments establish the order of retention during a reduction-in-force, but they do not establish that a particular position is "covered service."

Because the Board's finding that Mr. Quiocson never served in a covered position was supported by substantial evidence, we uphold the Board's decision.

AFFIRMED.