NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3031

ERLINDA POBLETE (surviving spouse of Lorenzo Poblete),

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Erlinda Poblete, of San Juan, San Narciso, Philippines, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3031

ERLINDA POBLETE (surviving spouse of Lorenzo Poblete),

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831080325-I-1.

_____

DECIDED:  July 7, 2009

_____

Before MICHEL, Chief Judge, RADER and PROST, Circuit Judges.

PER CURIAM.

Mr. Lorenzo Poblete filed a request to make a deposit to the Civil Service Retirement System ("CSRS") based on his prior federal service, which would entitle him to certain benefits.  The Office of Personnel Management ("OPM") denied his request, and Mr. Poblete appealed to the Merit Systems Protection Board ("MSPB").  Shortly thereafter, Mr. Poblete passed away and his wife, Mrs. Erlinda Poblete, substituted as the party in the appeal.  An administrative judge at the MSPB affirmed the OPM's decision, and the MSPB denied Mrs. Poblete's petition for review on October 3, 2008.  See Poblete v. Office of Pers. Mgmt., No. SF0831080325-I-1, (M.S.P.B. July 8, 2008); Poblete v. Office of Pers. Mgmt., 110 M.S.P.R. 270 (2008).  Because the MSPB

correctly concluded that Mrs. Poblete was not eligible to make a deposit on her husband's behalf, we affirm.

BACKGROUND

Mr. Poblete worked as a Federal employee at the Subic Bay United States Naval Base in the Philippines on three separate occasions, from 1948–49, 1951–58, and 1965–83. When he retired in 1983, the standard form documenting his retirement (known as "SF-50") stated in part that Mr. Poblete was "[e]ntitled to thirty (30) months retirement pay for twenty nine (29) years, eleven (11) months and fifteen (15) days creditable service with the U.S. Forces Phil." The form also indicates that Mr. Poblete retired under the authority of the "CBA/FEPI," or the Collective Bargaining Agreement/Filipino Employment Personnel Instruction.

In March of 2007, Mr. Poblete applied to make a deposit to the CSRS. After OPM denied his request, he appealed to the MSPB. The MSPB found that only a portion of Mr. Poblete's first period of service—the time between July 1, 1948 and June 1, 1949, after Mr. Poblete's temporary, definite appointment was converted to an indefinite, non-temporary appointment—was covered by the Civil Service Retirement Act ("CSRA"). According to the MSPB, Mr. Poblete's second period of service was entirely excluded from CSRA coverage under the presidential executive order then in effect. Likewise, Mr. Poblete's final period of service was excluded because "the SF-50s describing that service indicate that he was not subject to the CSRS and that he received retirement pay in accordance with a collective bargaining agreement." See Reyes v. Office of Pers. Mgmt., 60 M.S.P.R. 172, 174–75 (1993).

In sum, the MSPB found that Mr. Poblete only served eleven months in a position covered by the CSRA. As a result, he would not have been entitled to a civil service

retirement annuity under 5 U.S.C. § 8333, which generally requires five years of qualified civilian service (with at least one of the last two years in a position covered by the CRSA).

The MSPB also found that Mr. Poblete was also not eligible to make a deposit to the CSRS. Mr. Poblete never made a deposit to the Civil Service Retirement and Disability Fund during his period of service, as described under 5 U.S.C. § 8334(a). In addition, Mr. Poblete was not entitled to make deposits at the time of his request, as he did not qualify as an "employee" under 5 U.S.C. § 8334(c). Under OPM regulations, an "employee" is defined as either a person "currently employed in a position subject to the civil service retirement law," or "a former employee . . . who retains civil service retirement annuity rights based on separation from a position in which retirement deductions were properly withheld and remain or have been redeposited in the Civil Service Retirement and Disability Fund." 5 C.F.R. § 831.112(a). Since Mr. Poblete did not have any civil service retirement annuity rights and never paid into the Fund, the MSPB affirmed the OPM's decision to deny his claim. That decision is now final, and we have jurisdiction to hear this case under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the MSPB's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Parrott v. Merit Sys. Prot. Bd., 519 F.3d 1328, 1334 (Fed. Cir. 2008).

Substantial evidence supports the MSPB's conclusion that Mr. Poblete did not satisfy the provisions governing the CSRS and that Mrs. Poblete is not entitled to make

a deposit on his behalf. The MSPB found that less than one year of Mr. Poblete's entire Federal service was subject to the CSRA, and Mrs. Poblete has provided us no evidence to the contrary. Mrs. Poblete instead claims that her husband met the definition of an "employee" found in 5 U.S.C. § 2105. That section provides a general definition, but expressly notes that it does not apply where "otherwise provided by this section or when specifically modified." 5 U.S.C. § 2105(a). The definition applied by the MSPB, found in 5 C.F.R. § 831.112(b), is a specific modification adopted by the OPM. Mrs. Poblete does not argue that her husband satisfied that definition, and we can find no evidence that he did.

Mrs. Poblete also claims that, contrary to the MSPB's decision, "an individual's eligibility for making a request for making a deposit in the Fund has no ramification to his or her receipt of severance pay in accord with a Collective Bargaining Agreement, or FEPI." But this is incorrect. As we stated in Quiocson v. Office of Personnel Management, 490 F.3d 1358 (Fed. Cir. 2007), an applicant's "receipt of benefits under a non-CSRS plan indicates that his service was not covered under the CSRS." Id. at 1360; see De Guzman v. Dep't of the Navy, 231 Ct. Cl. 1005 (1982) (stating that the CSRS "does not include an employee subject to another retirement system for Government workers"). We went on to note that the "absence of [CSRS] deductions is an indication that an employee was not serving in a covered position." Quiocson, 490 F. 3d at 1360. Mrs. Poblete has not directed our attention to any evidence indicating that her husband permitted CSRS deductions or that he was not covered by the FEPI. The MSPB correctly determined the SF-50 is evidence that Mr. Poblete's last period of service was not covered by the CSRS.

According to Mrs. Poblete, the crux of her argument "is that the MSPB failed to understand the legislative history and intent of the CSRS." But as the MSPB noted in its opinion, a series of executive orders, statutory amendments, and regulations have limited the availability of the CSRS to those persons satisfying certain requirements. The MSPB found that Mr. Poblete did not satisfy those requirements. Mrs. Poblete has not shown us that the MSPB made any mistakes in its factual conclusions or its legal analysis. Thus, Mrs. Poblete is not entitled to make a deposit to the CSRS on Mr. Poblete's behalf.

To the extent that Ms. Poblete makes other arguments, we find them to be without merit.

## CONCLUSION

For the reasons stated above, we affirm.

## COSTS

Each party shall bear its own costs.