NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3102

TERESITA LAZARTE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Teresita Lazarte, of San Juan, San Narciso, Philippines, pro se.

Leslie Cayer Ohta, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.  Of counsel was Jo Ann Chabot, Attorney-Advisor, United States Office of Personnel Management, of Washington, DC.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3102

TERESITA LAZARTE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in
SF0831080468-I-1.

_____

DECIDED:  July 9, 2009

_____

Before LOURIE, RADER, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Theresita Lazarte appeals from the final decision of the Merit Systems Protection Board (the "Board") affirming her ineligibility to make a deposit under the Civil Service Retirement System ("CSRS").  <u>Lazarte v. Office of Pers. Mgmt.</u>, SF-0831-08-0468-I-1 (M.S.P.B. Final Order Dec. 4, 2008; Initial Decision July 29, 2008).  Because the Board correctly determined that Ms. Lazarte's deceased husband was not in a position covered by the CSRS, we <u>affirm</u>.

BACKGROUND

Ms. Lazarte's late husband, Solomon B. Lazarte, was employed as a machinist in an excepted service position at a U.S. Naval Station in the Philippines beginning in

1966. His one-year appointment was extended several times until, in 1970, it was converted to an indefinite appointment. The Standard Form 50 for each of his appointments shows that his positions were not subject to the Civil Service Retirement Act ("CSRA"), and Mr. Lazarte did not contribute to any CSRS retirement fund. On June 5, 1990, Mr. Lazarte died while employed as a machined parts inspector at the same duty station. At the time of his death, Mr. Lazarte's estate was paid death benefits and severance pay, not by the CSRS, but in accordance with the Filipino Employment Personnel Instructions and a collective bargaining agreement of January 17, 1990.

On June 26, 2007, Ms. Lazarte submitted an application to the Office of Personnel Management ("OPM") to make a deposit under the CSRS. OPM denied the application on the ground that Mr. Lazarte's record of employment did not entitle Ms. Lazarte to survivor benefits under the CSRS. Ms. Lazarte requested reconsideration, and OPM again found her ineligible to make a deposit.

Ms. Lazarte then appealed OPM's decision to the Board. In an initial decision issued on July 29, 2008, the administrative judge ("AJ") affirmed OPM's decision. The AJ found that, for a civilian employee to be eligible for a civil service retirement annuity, he must complete five years of qualified civilian service, ending with at least one out of the last two years in a position covered by the CSRA. The AJ noted that temporary, intermittent, term, and excepted indefinite appointments are generally excluded from CSRS retirement coverage. Further, according to the AJ, a Standard Form 50 that shows no retirement coverage has consistently been held to establish that an individual was not employed in covered service; Mr. Lazarte's forms all showed no coverage, and

2009-3102

-2-

the AJ found that no evidence demonstrated that deductions were ever withheld from his pay. Finally, the AJ reasoned that Mr. Lazarte's receipt of a lump sum under the Filipino Employment Personnel Instructions indicates that he was covered under a retirement system other than the CSRS and is probative that he was not in covered service. Thus, because Mr. Lazarte was not employed in covered service, the AJ determined that Ms. Lazarte could not retroactively convert a non-covered position into a covered position and could not make a deposit under the CSRS.

Ms. Lazarte then petitioned for review of the AJ's decision. In a decision issued on December 4, 2008, the Board denied the petition, concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome. Thus, the AJ's initial decision became final.

Ms. Lazarte timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." McEntee v. Merit Sys. Prot. Bd., 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quotation marks omitted).

Ms. Lazarte primarily makes legal arguments on appeal, taking the position that she is entitled to make a deposit into the CSRS, even though Mr. Lazarte was not covered by the CSRS. Ms. Lazarte argues that Congress intended to allow all "creditable service," which includes Mr. Lazarte's service, to amount to service covered by the CSRS. She does not contest that Mr. Lazarte was not subject to the CSRS, that he never made contributions to the CSRS fund, or that his retirement was alternatively provided for by the Filipino Employment Personnel Instructions and collective bargaining agreement.

The government responds that, for purposes of the CSRS, an "employee" is defined broadly but does not include an employee subject to another retirement system for government employees. Thus, the government argues that Mr. Lazarte was correctly excluded from CSRS coverage and that Ms. Lazarte could not make a CSRS deposit.

We agree with the government that the law is clear that Ms. Lazarte is not entitled to make a CSRS deposit. Mr. Lazarte was not covered by the CSRS. The CSRS defines an "employee" as excluding "an employee subject to another retirement system for Government employees." 5 U.S.C. § 8331(1)(ii); see Quiocson v. Office of Pers. Mgmt., 490 F.3d 1358, 1360 (Fed. Cir. 2007) (holding that civilian employee of the Navy in the Philippines "was covered by a different retirement system" and therefore "his service was not covered under the CSRS"). Ms. Lazarte does not dispute that her husband was covered by another retirement system, the Filipino Employment Personnel Instructions and collective bargaining agreement. Thus, Mr. Lazarte was not an "employee" for purposes of the CSRS. Ms. Lazarte is therefore not a survivor of an

2009-3102

-4-

"employee" and may not make a deposit into the CSRS.  See Quiocson, 490 F.3d at 1360-61 (affirming the Board's denial of a survivorship annuity because the employee never served in a position covered by the CSRS); cf. 5 U.S.C. § 8334(h) ("[D]eposits authorized by . . . this section may also be made by a survivor of an employee.").

We have considered Ms. Lazarte's remaining arguments and find them unpersuasive.  Accordingly, we affirm the Board's decision.

COSTS

No costs.