NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3157

ENRIQUE MATIAS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Enrique Matias, of Olongapo City, Philippines, pro se.

David M. Hibey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General,  Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3157

ENRIQUE MATIAS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831080482-I-1.

_____

DECIDED: September 14, 2009

_____

Before LINN, FRIEDMAN, and DYK, Circuit Judges.

PER CURIAM.

Enrique Matias ("Matias") petitions for review of a decision by the Merit Systems Protection Board ("MSPB" or "Board"). The Board affirmed a decision of the Office of Personnel Management ("OPM"). OPM found that Matias was not eligible to make a deposit under the Civil Service Retirement System ("CSRS"). We affirm.

BACKGROUND

Matias worked for the Department of the Navy from July 1, 1965 to January 14, 1978 and from November 20, 1987 to May 29, 1992. From November 20, 1987 to May 29, 1992 Matias worked in various positions at the U.S. Navy Public Works Center at Subic Bay, Philippines. Matias's appointment ended on May 29, 1992, when his

employment was terminated by a reduction in force action. The SF-50 from his termination states that his retirement plan is "other" and that he is entitled to severance pay in accordance with the Filipino Employment Personnel Instructions.

On June 20, 2007, Matias submitted an application to make a deposit to the CSRS pursuant to 5 U.S.C. § 8334(c). On September 24, 2007, OPM issued an initial decision denying the application on the grounds that Matias was not currently employed in a position subject to federal retirement deductions and was not otherwise entitled to an annuity. On April 21, 2008, after Matias requested reconsideration, OPM again denied his application.

Matias appealed OPM's final decision to the MSPB, and on August 25, 2008, an Administrative Judge ("AJ") held that OPM "properly assessed whether the appellant could make a deposit for his service under 5 U.S.C. § 8334(c)," and that Matias is "ineligible to make a deposit." Matias v. Office of Pers. Mgmt., No. SF-0831-08-0482-I-1, slip op. at 5–6 (M.S.P.B. Aug. 25, 2008).

On March 4, 2009, the full Board denied his petition for review, and the AJ's decision became the final decision of the Board. Matias then timely petitioned for review of the Board's decision in our court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1). Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791–99 (1985).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). A claimant for benefits under the CSRS must prove by a preponderance of the evidence that he is entitled to such benefits. True v. Office of Pers. Mgmt., 926 F.2d 1151, 1153 (Fed. Cir. 1991).

This case is governed by our decision in Quiocson v. Office of Personnel Management, 490 F.3d 1358 (Fed. Cir. 2007), where we held that "[t]o qualify for a civil service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the Civil Service Retirement Act." Id. at 1360 (citing 5 U.S.C. § 8333). Matias attempts to rely on 5 U.S.C. § 8334(c), 5 C.F.R. § 831.111(b)(1)(ii), and 5 C.F.R. § 831.112(a)(2), but these sections do not overcome the eligibility requirements of the CSRS detailed in 5 U.S.C. § 8333, which requires a showing that the employee satisfies the "covered service" requirement. "A retroactive deposit does not convert a non-covered position into a covered position." Quiocson, 490 F.3d at 1360. Substantial evidence supports the Board's determination that Matias did not serve in a position covered by the Civil Service Retirement Act "at least one of the two years prior to separation." We therefore affirm the Board's decision denying his request to make a CSRS deposit.

COSTS

No costs.