NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3206

LEONORA FERNANDEZ,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Leonora Fernandez, of San Juan, San Narciso, Philippines, pro se.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3206

LEONORA FERNANDEZ,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831080754-I-1.

_____

DECIDED:  December 11, 2009

_____

Before BRYSON, ARCHER, and MOORE, Circuit Judges.

PER CURIAM.

Leonora Fernandez appeals from a final decision of the Merit Systems Protection Board (Board) denying her request for entitlement to benefits under the Civil Service Retirement System (CSRS) based on the civilian service of her husband, Nazario Fernandez.  See Fernandez v. Office of Pers. Mgmt., No. SF-0831-08-0754-I-1 (M.S.P.B. Jan. 15, 2009) (initial decision); Fernandez v. Office of Pers. Mgmt., No. SF-0831-08-0754-I-1 (M.S.P.B. Apr. 22, 2009) (final order denying petition for review).  For the reasons discussed below, we affirm.

## BACKGROUND

Mrs. Fernandez's husband was employed as a marine engineman with the U.S. Navy in Subic Bay, Philippines from September 14, 1978, until his death on February

25, 1985. When he was first hired, Mr. Fernandez's position was a "not-to-exceed" appointment in the excepted service. His subsequent appointments were also either not-to-exceed or indefinite appointments. No CSRS deductions were ever withheld from Mr. Fernandez's pay. Upon Mr. Fernandez's death, his designated beneficiaries were entitled to death benefits and "severance pay" in accordance with a collective bargaining agreement.

On May 29, 2007, Mrs. Fernandez filed an application with the Office of Personnel Management (OPM) to make a deposit into the CSRS fund to compensate for deductions that were not taken out of her husband's pay during his service. OPM denied Mrs. Fernandez's application. In an initial decision, OPM explained that Mr. Fernandez had never served in a position subject to the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 et seq., and therefore Mr. Fernandez's service did not entitle him to retirement benefits under the CSRS. Consequently, according to OPM, Mrs. Fernandez was not entitled to make a CSRS deposit for Mr. Fernandez's service or to receive a survivor annuity. OPM affirmed its initial decision, and Mrs. Fernandez filed an appeal with the Board.

The administrative judge (AJ) affirmed OPM's decision in an initial decision dated January 15, 2009. To qualify for CSRS retirement benefits, the AJ explained, an employee must 1) complete at least five years of qualifying civilian service ("creditable" service), and 2) serve at least one of his last two years of federal service in a position that is "subject to" the CSRA ("covered" service). 5 U.S.C. § 8333(a), (b). OPM's regulations exclude various service positions from coverage under the CSRA, including intermittent service and service pursuant to nonpermanent and indefinite appointments.

5 C.F.R. § 831.201. Based on Mr. Fernandez's Standard Forms 50 (SF-50s) of record, the AJ found that Mr. Fernandez served exclusively under appointments that were not-to-exceed, intermittent, and/or indefinite. The AJ noted that "not-to-exceed" appointments, which are defined to expire on a specified date, are necessarily "nonpermanent" appointments. Therefore, the AJ concluded, none of Mr. Fernandez's periods of service were covered by the CSRA. The AJ also noted that Mr. Fernandez's SF-50s consistently indicated his retirement coverage as being "other" or "none," that no deductions were ever withheld from Mr. Fernandez's pay, and that Mr. Fernandez received death benefits and severance pay in accordance with a collective bargaining agreement. The AJ found that these facts further supported his conclusion that Mr. Fernandez's service was not covered by the CSRA.

Because Mr. Fernandez's service was not covered by the CSRA, the AJ determined that Mrs. Fernandez was not entitled to make a deposit or receive survivor benefits based on that service. Therefore, the AJ affirmed OPM's decision denying Mrs. Fernandez's application to make a deposit. The AJ's initial decision became final after the Board denied Mrs. Fernandez's petition for review. See Fernandez v. Office of Pers. Mgmt., No. SF-0831-08-0754-I-1 (M.S.P.B. Apr. 22, 2009).

DISCUSSION

Mrs. Fernandez appeals from the Board's final decision, and we have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review

2009-3206                           3

questions of law without deference to the Board. Carley v. Dep't of the Army, 413 F.3d 1354, 1356 (Fed. Cir. 2005).

On appeal, Mrs. Fernandez argues that Mr. Fernandez was employed "subject to" the CSRA because he was appointed as a federal employee. However, the Board correctly observed that OPM's regulations exclude certain categories of federal employees from eligibility for CSRS benefits. In particular, 5 C.F.R. § 831.201 excludes "intermittent" employees from eligibility under the CSRA, as well as employees serving under nonpermanent and indefinite appointments. Id. § 831.201(a)(1), (12)-(13). The Board found, and the record shows, that Mr. Fernandez's service with the Navy was rendered exclusively under "not-to-exceed" appointments (which, as the Board noted, are necessarily "nonpermanent"), intermittent appointments, and indefinite appointments. Therefore, the Board correctly found that Mr. Fernandez's service was not covered by the CSRA. See Quiocson v. OPM, 490 F.3d 1358, 1360 (Fed. Cir. 2007) ("Service under [temporary or indefinite] appointments is excluded from CSRS retirement coverage under [5 C.F.R. § 831.201(a)].").

The Board's conclusion is further supported by the fact that Mr. Fernandez's retirement coverage was listed as "none" or "other" on the official SF-50s and that Mr. Fernandez received death benefits and severance pay under a collective bargaining agreement. Id. at 1360 ("[The] receipt of benefits under a non-CSRS plan indicates that . . . service was not covered under the CSRS."). Additionally, the fact that no deductions were ever taken from Mr. Fernandez's pay tends to show that his service was not covered. Id. ("The absence of [CSRS] deductions is an indication that an employee was not serving in a covered position."). Accordingly, substantial evidence

supports the Board's conclusion that Mr. Fernandez's service was not covered by the CSRA.

Mrs. Fernandez also argues that she is entitled to make a deposit based solely on Mr. Fernandez's creditable service pursuant to 5 U.S.C. § 8334(c). Section 8334(c) provides that "[e]ach employee . . . credited with civilian service after July 31, 1920, for which retirement deductions or deposits have not been made, may deposit with the interest an amount equal to the following percentages of his basic pay received for that service." However, as we explained in Quiocson, "[a] retroactive deposit does not convert a non-covered position into a covered position." 490 F.3d at 1360. Mr. Fernandez's service was not covered by the CSRA, and Mrs. Fernandez is therefore not entitled to benefits under the CSRS; his lack of coverage, and her lack of entitlement, cannot be remedied with a deposit.

For the foregoing reasons, we affirm the final decision of the Board.

COSTS

No costs.