NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3239

DOMINGA FAMULARCANO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Dominga Famularcano, of San Marcelino, Zambales, Philippines, pro se.

Steven J. Abelson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.   Of counsel on the brief was Jo Ann Chabot, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3239

DOMINGA FAMULARCANO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831080744-I-1.

_____

DECIDED: February 5, 2010

_____

Before LINN, FRIEDMAN, and MOORE, Circuit Judges.

PER CURIAM.

Dominga Famularcano ("Ms. Famularcano") seeks review of a final decision of the Merit Systems Protection Board ("Board") affirming a decision of the Office of Personnel Management ("OPM"), which denied her application for survivor annuity benefits and to make a deposit under the Civil Service Retirement System ("CSRS"). Because OPM did not err in finding that Ms. Famularcano was not eligible for survivor annuity benefits or to make a CSRS deposit, we affirm.

BACKGROUND

Ms. Famularcano is the widow of Marcelino Famularcano ("Mr. Famularcano"), who received a temporary appointment to the position of Painter in Subic Bay, Philippines, effective August 1, 1966. After a series of additional appointments, he was mandatorily retired from federal service on January 11, 1980. Two of his three

Standard Form ("SF") 50, notices of personnel action, state that his retirement category was "4-None" and that he was in the excepted service. The third SF-50 shows that his retirement classification changed to "5-Other" and that he retired under the authority of a Collective Bargaining Agreement ("CBA"). Mr. Famularcano died on December 22, 1998.

On May 19, 2007, Ms. Famularcano applied for survivor annuity benefits and to make a deposit under the CSRS. On September 12, 2007, OPM issued an initial decision denying the application on the grounds that Mr. Famularcano was not currently employed in a position subject to CSRS, and that his prior service, although creditable, was not covered by CSRS. On August 19, 2008, after Ms. Famularcano requested reconsideration, OPM again denied her application.

Ms. Famularcano appealed OPM's final decision to the Board, and on December 23, 2008, an Administrative Judge ("AJ") affirmed OPM's decision. Famularcano v. Office of Pers. Mgmt., No. SF0831080744-I-1 (M.S.P.B. Dec. 23, 2008). On June 5, 2009, the full Board denied her petition for review, but reopened the appeal on its own motion because the AJ did not provide Ms. Famularcano with notice of mixed-case appeal rights. After providing this notice in its order, the full Board affirmed the initial decision as modified. Famularcano v. Office of Pers. Mgmt., No. SF0831080744-I-1 (M.S.P.B. June 5, 2009).

Ms. Famularcano appeals to this court. In her Federal Circuit Rule 15(c) statement, she indicates that "No claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case." We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2006).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). A claimant for benefits under the CSRS must prove by a preponderance of the evidence that he or she is entitled to such benefits. True v. Office of Pers. Mgmt., 926 F.2d 1151, 1153 (Fed. Cir. 1991).

"To qualify for a civil service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the Civil Service Retirement Act." Quiocson v. Office of Pers. Mgmt., 490 F.3d 1358, 1360 (Fed. Cir. 2007) (citing 5 U.S.C. § 8333).

On appeal, Ms. Famularcano argues that the Board based its findings on erroneous annotations that the Department of the Navy made upon her husband's SF-50s. She contends that her husband was not covered by the retirement plan established by the CBA but, instead, was covered by a joint retirement system for civilian employees under the Philippine Social Security System. The AJ's initial decision is detailed as to what arguments Ms. Famularcano raised below, and the argument she raises on appeal does not appear to have been presented to the Board. As we have stated, "this court will not consider issues not raised before the administrative judge." Elmore v. Dep't of Transp., 421 F.3d 1339, 1342 (Fed. Cir. 2005). But even if this argument had been raised, there is substantial evidence in the record to support the

2009-3239                                3

Board's finding that her husband was covered only by the CBA and not by CSRS. The SF-50 documenting Mr. Famularcano's retirement expressly states that he was entitled to retirement pay "in accordance with the CBA of April 1979." **[A38]**

Ms. Famularcano also argues that she is entitled to a survivor annuity because her husband's service was "creditable service." Creditable service alone does not entitle a federal employee to CSRS annuity. In addition to at least five years of creditable service, "at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the Civil Service Retirement Act." Quiocson, 490 F.3d at 1360. Mr. Famularcano's service was rendered exclusively under temporary and indefinite appointments, which are excluded from CSRS retirement coverage under OPM regulations. Id. (citing 5 C.F.R. § 831.201(a)).

We have considered Ms. Famularcano's remaining arguments, but find them unpersuasive. We therefore affirm the Board's decision denying her request to make a CSRS deposit and for survivor annuity benefits.

COSTS

No costs.