NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGEL V. ANTES,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3152

---

Petition for review of the Merit Systems Protection Board in case no. SF0831100717-I-1.

---

Decided: January 18, 2012

---

ANGEL V. ANTES, of Olongapo City, Philippines, pro se.

KIMBERLY I. KENNEDY, Trial Attorney, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before LINN, PROST, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Angel V. Antes ("Antes") appeals from a decision of the Merit Systems Protection Board ("the Board") affirming the decision of the Office of Personnel Management ("the Office") concluding that he was ineligible to receive Civil Service Retirement System ("CSRS") annuity benefits and ineligible to make a deposit to the Civil Service Disability and Retirement Fund ("CSRS Fund"). *Antes v. Office of Pers. Mgmt.*, No. SF-0831-10-0717-I-1 (M.S.P.B. Sept. 17, 2010) ("Initial Decision"), *reh'g denied*, (M.S.P.B. May 5, 2011) ("Final Order"). For the reasons explained below, this court affirms.

## BACKGROUND

Antes worked from March 1969 to July 1992 as a civilian employee for the Department of the Navy ("Navy") at Subic Bay, Philippines. Each of Antes's appointments during this time was either a temporary appointment or an indefinite appointment in the excepted service. During this time, Antes was not covered by the Civil Service Retirement System, as reflected on the Standard Forms 50 of record indicating that his retirement plan was either 4 (None) or 5 (Other), as opposed to 1 (Civil Service). Antes admits that his federal employment was not subject to retirement deductions and that retirement deductions were not withheld during his employment. When Antes separated from federal employment in 1992, he was informed that he was entitled to twenty four months of severance pay based on his more than twenty three years of creditable service.

In 1999, Antes requested a deferred CSRS annuity, which was denied by the Office because it concluded that Antes never served in a position subject to the CSRS. In 2008, Antes sought to make a deposit into the CSRS Fund, under 5 U.S.C. § 8334(c), to cover the period of his federal service and make up for retirement deductions

that the Navy had not taken from his salary during his service. The Office denied Antes's request because it concluded that none of Antes's previous appointments were subject to the CSRS. Antes appealed to the Board, which also concluded that Antes never served in a position covered under the Civil Service Retirement System. *Initial Decision* at 4-6. Antes then petitioned the full Board, which denied his petition for rehearing. *Final Order* at 1-5. Antes appealed to this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Antes argues on appeal that the Board erred in concluding that he was ineligible to receive CSRS annuity benefits and ineligible to make a deposit into the CSRS Fund. Specifically, Antes contends that he is eligible to receive benefits and make a contribution to the CSRS Fund because he meets the definition of "employee" in 5 U.S.C. §§ 2105(a) and 8331(1)(A). Antes also argues that, based on his years of creditable service and 5 C.F.R § 831.303, he should be permitted to make a deposit in the CSRS Fund for his years of creditable service before 1982.

The government responds that 5 U.S.C. § 8333 makes clear that one's status as a federal employee, alone, is insufficient to confer entitlement to CSRS annuity benefits. The government responds that 5 C.F.R. § 831.112(a) provides the proper definition of an employee who may make a deposit to the CSRS Fund. Additionally, the government contends that 5 C.F.R. § 831.303 applies only to computations concerning the length of an individual's

service and is irrelevant as to whether an individual is covered under the CSRS.

This court agrees with the government. Section 8333 requires that, in order for an employee to be eligible for annuity benefits under the CSRS, an employee must complete five years of "creditable" service with at least one of the last two years prior to separation being in a position "covered" by the CSRS. Section 8334(c) further provides that "[e]ach employee . . . credited with civilian service . . . for which retirement deductions or deposits have not been made, may deposit with interest an amount equal to [a specified percentage] of his basic pay received for that service." The regulation associated with that section defines employees able to make a deposit under that section as (1) those currently employed in a position subject to the CSRS or (2) those formerly employed "who retain[] civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld and remain . . . in the [CSRS Fund]." 5 C.F.R. § 831.112. This regulation "allows a 'former employee' to make a deposit only if that former employee is already covered by the CSRS." *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009). Antes does not contend that he is currently employed in a position subject to the CSRS or that he has ever had retirement deductions withheld under the CSRS. Thus, Antes's appeal turns on whether he has ever served in a position subject to the CSRS.

Although Antes proved that he had more than twenty years of creditable service as a federal employee, he has failed to show that any of his appointments were covered by the CSRS. The Board concluded, upon reviewing the Standard Forms 50 of record, that none of Antes's service was covered service subject to the CSRS. Antes failed to demonstrate how this finding is unsupported by substantial evidence. Moreover, the Board noted that all of Antes's appointments were either temporary or indefinite.

Service rendered "exclusively under temporary and indefinite appointments" is "excluded from CSRS retirement coverage under OPM regulations." *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Again, Antes does not challenge this finding on appeal. Finally, the Board, relying on the Standard Forms 50 of record, noted that Antes was entitled to twenty four months of severance pay for his twenty three years, six months, and one day of service in accordance with the Collective Bargaining Agreement/Filipino Employment Personnel Instruction ("FEPI") and that this provided additional support for the conclusion that his service was not covered under the CSRS. *Initial Decision* at 5-6. Antes was covered by a different retirement system, the FEPI. "His receipt of benefits under a non-CSRS plan indicates that his service was not covered under the CSRS." *Quiocson*, 490 F.3d at 1360.

This court has considered Antes's additional arguments and concludes that they do not require a different result. Because the Board's finding that Antes never served in a position covered under the CSRS was supported by substantial evidence and Antes has failed to demonstrate any legal error in the Board's decision, this court affirms the Board's conclusion that Antes is ineligible to receive CSRS annuity benefits or to make a deposit into the CSRS Fund.

## AFFIRMED

### COSTS

Each party shall bear its own costs.