NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FLORENCIA A. ABIERA,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT**
*Respondent.*

---

2011-3193

---

Petition for review of the Merit Systems Protection Board in SF0831100609-I-1.

---

Decided: July 13, 2012

---

FLORENCIA A. ABIERA, Olongapo City, Philippines, pro se.

AUSTIN M. FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

_____

Before BRYSON, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

## DECISION

Florencia A. Abiera petitions for review of a decision of the Merit Systems Protection Board that she is not entitled to a survivor annuity under the Civil Service Retirement System ("CSRS") and is not eligible to make a deposit into that system to cover the period of her husband's federal service. We affirm.

## BACKGROUND

Santiago J. Abiera, the petitioner's deceased husband, worked for the Department of the Navy during the following periods: from May 2, 1945, to February 15, 1946; from September 20, 1948, to April 28, 1950; and from November 14, 1950, to December 31, 1976. During the first two periods, Mr. Abiera served under "excepted temporary" appointments. Mr. Abiera's third period of service began as an "excepted temporary—intermittent" appointment but was subsequently converted to an "excepted indefinite" appointment. On December 31, 1976, Mr. Abiera was separated from service because of physical inability to perform his duties. At that time, he received 28 months of retirement pay in accordance with the retirement system under which he was covered, the Filipino Employment Personnel Instructions ("FEPI").

After his separation from service, Mr. Abiera applied to the Office of Personnel Management ("OPM") for a CSRS annuity. OPM denied the application, and Mr. Abiera appealed the denial to the Board. The Board

affirmed OPM's decision in September 1981, holding that Mr. Abiera was not entitled to an annuity because none of his service was covered under the CSRS. In November 1982 the Board denied Mr. Abiera's request to reopen the appeal and reconsider the initial decision.

In 1998, after Mr. Abiera's death, Ms. Abiera sought death benefits based on her deceased husband's federal service. OPM denied that application because Mr. Abiera had not made any contributions to the Civil Service Retirement and Disability Fund ("the Fund") and therefore no lump sum death benefit was payable under the CSRS. Ms. Abiera requested reconsideration of the denial, but OPM denied that request because it was untimely. Ms. Abiera sought review of that decision by the Board, but the Board upheld OPM's decision. Mr. Abiera filed a petition for review of that decision by the full Board, but the petition was dismissed as untimely filed.

In 2008, Ms. Abiera applied to OPM for a survivor annuity and requested that she be allowed to make a deposit to the Fund to cover her husband's federal service. After OPM denied her request, Ms. Abiera appealed to the Board, which affirmed OPM's decision. After the full Board denied Ms. Abiera's petition for review, she sought review by this court.

DISCUSSION

As explained by the administrative judge, there are two types of federal service at issue in determining entitlement to benefits under the Civil Service Retirement Act ("CSRA")—"creditable service" and "covered service." *See Noveloso v. Office of Pers. Mgmt.*, 45 M.S.P.R. 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991). Almost

all federal service is creditable service. Covered service is more limited in scope, referring to federal employees who are "subject to" the CSRA, i.e., employees who must deposit part of their basic pay into the Fund. *Id.* In order to receive an annuity under the CSRA, a federal employee must have at least five years of creditable service. 5 U.S.C. § 8333(a). The federal employee must also have served in a covered position. *Id.* § 8333(b). Except in the case of separation due to death or disability, that service must be for at least one year during the last two years before separation. *Id.*; *see Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). A person is entitled to survivor benefits only if the deceased individual was a covered employee or retiree at the time of his or her death. 5 C.F.R. § 831.112(b). For the purpose of survivor annuities, deposits to the Fund may be made by survivors of covered employees. 5 U.S.C. § 8334(h).

Service under temporary, intermittent, and indefinite appointments, such as Mr. Abiera's, is not considered "covered service" under the CSRA. *See* Exec. Order No. 10,350 (relating to employment after December 1, 1950); 5 C.F.R. § 831.201(a)(1), (2), (6), (13). Therefore, the Board correctly found that Mr. Abiera's service, while creditable, is not "covered." The evidence before the Board supports the Board's decision that Mr. Abiera did not have the requisite covered service under the CSRA. First, Mr. Abiera's SF-50 forms ("Notification of Personnel Action") refer to his retirement coverage as "other" or "none." Those designations support a finding that his service was not covered. *See Arcinas v. Office of Pers. Mgmt.*, 82 M.S.P.R. 603, 606 (1999). Second, Mr. Abiera did not contribute any funds to the Fund during his service. The fact that no retirement contributions were made is a further indication that is service was not covered. *See Quiocson*, 490 F.3d at 1360. Third, Mr. Abiera received a

retirement payout from FEPI, a system separate from the CSRS. A payment from a separate retirement system is an indication that the employee was not covered by the CSRS. *Id.*

The question whether Mr. Abiera's service was covered is not a new issue. The same issue was previously adjudicated in 1982 when the Board determined that Mr. Abiera was not covered under the CSRA. In 1998, when Ms. Abiera applied for death benefits, OPM again determined that Mr. Abiera's service was not covered by CSRS. Accordingly, as found by the administrative judge in this case, Ms. Abiera's claim is barred by issue preclusion. *See Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 237 (Fed. Cir. 1988).

Even apart from issue preclusion, Ms. Abiera's claim fails on the merits. Ms. Abiera refers to a number of statutes and regulations in support of her contention that she is eligible for a survivor annuity and that she is entitled to make a contribution to the Fund, thereby triggering her right to annuity payments. Those arguments all fail for the simple reason that Mr. Abiera was not subject to the CSRA during his service and therefore did not have the requisite "covered" service. Because Mr. Abiera was not subject to the CSRA, Ms. Abiera is not entitled to make a deposit to the Fund under 5 U.S.C. § 8334(h).

Ms. Abiera argues that Executive Order 9154 establishes that her husband was a covered employee because the order refers to eligibility based on "continuity of service," Exec. Order 9154, reprinted at 7 Fed. Reg. 3275, and that under *Hawco v. Office of Personnel Management*, 52 M.S.P.R. 290 (1992), he was entitled to CSRS benefits. In *Hawco*, the Board found that because the appellant

was separated from service prior to August 30, 1954, the fact that he had later creditable (but not covered) service did not deprive him of any annuity to which he was entitled as a result of his earlier service. 52 M.S.P.R. at 295. While Mr. Abiera appears to have been separated from service in February 1946, *Hawco* is inapplicable to his case because Mr. Abiera did not accumulate the requisite five years of creditable service prior to his 1946 separation and because there is no evidence that any of his prior service was "covered" service that would entitle Ms. Abiera to a survivor annuity. We therefore affirm the Board's decision that Ms. Abiera is not entitled to a survivor annuity and is not entitled to make a deposit to cover her late husband's federal service.

No costs.

**AFFIRMED**