# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

REYNALDO ARBIZO,
      Appellant,

    v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
SF-0831-15-0386-I-1

DATE: January 7, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rufus F. Nobles, I, Zambales, Philippines, for the appellant.

Cynthia Reinhold, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his application for a deferred retirement annuity under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to address the appellant's argument that he is deemed to have made a deposit. Except as expressly MODIFIED by this final order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was employed by the Department of the Navy in Subic Bay, Philippines on various dates during the period from October 1965 to August 1992. Initial Appeal File (IAF), Tab 4 at 18-19, 34, 54-60. His Standard Form 50s (SF-50s) from this period of employment indicate his retirement plan as "Other." *Id.* In accordance with the Filipino Employment Personnel Instructions (FEPI), the appellant received severance pay for his service performed between October 30, 1965 and September 29, 1991, and was entitled to retirement pay upon his retirement on August 17, 1992. *Id.* at 60.

¶3 In January 2013, the appellant applied for a deferred CSRS retirement annuity. *Id.* at 61-75. OPM denied his application, and the appellant requested reconsideration. *Id.* at 22-37. On January 29, 2015, OPM issued a reconsideration decision affirming its denial. *Id.* at 5-7. He subsequently filed a

Board appeal challenging OPM's reconsideration decision, and he did not request a hearing. IAF, Tab 1. Based on the written record, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 7, Initial Decision (ID) at 1, 7.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition, PFR File, Tab 4, to which the appellant has filed a reply,[2] PFR File, Tab 6.

¶5 An entitlement to a CSRS retirement annuity requires 5 years of creditable service, ending with at least 1 of the last 2 years in a position covered by the Civil Service Retirement Act. *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007); 5 U.S.C. § 8333(a)-(b). The appellant's SF-50s indicate that he was covered by a different retirement system, the FEPI. IAF, Tab 4 at 18-19, 34, 54-60. His receipt of benefits under a non-CSRS plan indicates that his service was not covered under the CSRS. *See* 5 U.S.C. § 8331(1)(ii); *Quiocson*, 490 F.3d at 1360 (finding that the appellant was not covered under the CSRS because he received benefits under the FEPI). We find that the administrative judge reviewed the applicable laws, regulations, and case law, applied them to the facts in this case, and correctly concluded that the appellant was not entitled to a retirement annuity because he failed to establish that he ever was employed in a covered position. ID at 3-7.

---

[2] The appellant's reply contains new arguments regarding issues that were not raised in the agency's response. *Compare* PFR File, Tab 4 at 4 (the agency's response, asserting that the appellant's petition contained no substantive argument), *with* PFR File, Tab 6 at 2-3, 8-14 (the appellant's reply, alleging, inter alia, that he is entitled to a retirement annuity under 5 U.S.C. § 8338(a) and 5 C.F.R. § 831.701(c), that the FEPI is not a retirement system, and that the administrative judge committed adjudicatory error and abused his discretion). However, a reply to a response to a petition for review is limited to the factual and legal issues raised by another party in the response to the petition for review. 5 C.F.R. § 1201.114(a)(4). It may not raise new allegations of error. *Id.* Accordingly, we decline to consider the appellant's new arguments in his reply. *See Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015).

¶6          In his petition for review, the appellant contends that the administrative judge did not address his argument made below that he is entitled to a CSRS retirement annuity based upon his service performed from October 30, 1965 to September 30, 1982.  PFR File, Tab 1; IAF, Tab 1 at 3, Tab 6.  Specifically, he argues that a deposit is unnecessary to receive a retirement annuity because, under his interpretation of 5 U.S.C. § 8334(c) and 5 C.F.R. § 831.303(a), he is deemed to have made a deposit for his service performed prior to October 1, 1982.  PFR File, Tab 1 at 1-2, Tab 6 at 1-9, 14.  He alleges that the legislative history of the CSRS and an OPM pamphlet support his argument.  PFR File, Tab 1 at 2-3, Tab 6 at 3-5, 11, 18.  We modify the initial decision to address this argument.

¶7          As the administrative judge properly found, the appellant did not serve in a position covered by CSRS.  ID at 4-7.  The appellant does not challenge this well-reasoned finding on review, and we decline to disturb it here.  IAF, Tab 4 at 18-19, 34, 54-60; *see* 5 U.S.C. § 8333(a)-(b); *Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323-24 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table).  Instead, he appears to be claiming that under 5 C.F.R. § 831.303(a), he is excepted from the requirement that he must have covered service.  PFR File, Tab 1 at 1-2.  As he interprets it, because no CSRS deductions were taken from his pay during his civilian service from 1965 to 1982, this period should be credited towards his CSRS annuity.  *Id.*  Further, he should be deemed to have made a deposit for this period.  *Id.* at 2.

¶8          The appellant's argument fails for the same reason that he is not entitled to a CSRS annuity at all; he has no covered service.  Although almost all Federal service is creditable service, covered service includes only employees who must deposit part of their pay into the Civil Service Retirement and Disability Fund.  *Noveloso*, 45 M.S.P.R. at 323.  Section 831.303(a), on which the appellant relies, does not convert his noncovered service into covered service.  *Cf. Quiocson*, 490 F.3d at 1360 (finding that "[a] retroactive deposit does not convert a

non-covered position into a covered position"). Instead, it concerns the calculation of an employee's creditable service. As discussed above, the appellant has no covered service. Finally, we find that the legislative history of the CSRS and OPM's pamphlet do not support his argument because, like 5 C.F.R. § 831.303(a), they concern the calculation of creditable service. *See* Act of Feb. 28, 1948, Pub. L. No. 80-426, § 9, 62 Stat. 48, 53; PFR File, Tab 6 at 18. They do not support the proposition that an employee may receive a CSRS retirement annuity without meeting the covered service requirement under 5 U.S.C. § 8333(b).

¶9    After considering the appellant's arguments on review, we find that the administrative judge properly affirmed OPM's reconsideration decision denying his retirement annuity application.[3]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] Although the appellant requests that the Board remand the case to OPM, we find that the agency has rendered a reconsideration decision on the relevant issue, i.e. whether the appellant is eligible to receive a deferred CSRS retirement annuity. PFR File, Tab 1 at 3; IAF, Tab 4 at 5-7. Therefore, we decline to remand the case to OPM for issuance of a new reconsideration decision. *Cf. Litzenberger v. Office of Personnel Management*, 88 M.S.P.R. 419, ¶¶ 9-10 (2001) (remanding the case to OPM because the agency did not render a reconsideration decision on an issue dispositive to a claim for benefits).

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.