**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TEODORA L. OWEN,
        Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
        Agency.

DOCKET NUMBER
SF-0831-15-0543-I-1

DATE: February 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rodelio V. Mendoza, Camarines Sur, Philippines, for the appellant.

Kristine Prentice, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed, as barred by res judicata, her appeal of an April 16, 2015 final response by the Office of Personnel Management (OPM), concluding that her March 1, 2015 application to make a deposit or redeposit for her late husband's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

service was resolved by the Board's prior decision.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations,  section 1201.115  (5 C.F.R.  § 1201.115).    After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    This is the appellant's third appeal to the Board concerning her entitlement to a survivor's benefit based on the Federal service of her late husband.  Because the administrative judge provided a detailed history of the appellant's prior Board appeals in the initial decision, we will not repeat the entire procedural history in this order.  The relevant facts are as follows.

¶3    The appellant's late husband worked in the competitive service from April 9 to August 30, 1945, and it is undisputed that he received a refund of his civil service retirement fund (Fund) deductions.  Initial Appeal File (IAF), Tab 5 at 19, Tab 11, Initial Decision (ID) at 3.  He later worked in a Non-appropriated Fund Instrumentality (NAFI) position for the U.S. Navy Exchange in Subic Bay, Philippines, from July 14, 1969 until September 4, 1991, when a reduction in force terminated his employment.  IAF, Tab 5 at 19.  The appellant applied for survivor benefits from OPM in 2008 without success, and she appealed to the Board from OPM's reconsideration decisions denying her application for benefits.  *Id*. at 20; *Owen v. Office of Personnel Management*, MSPB Docket No. SF-0831-

09-0452-I-1 Initial Appeal File, Tab 1; *Owen v. Office of Personnel Management*, MSPB Docket No. SF-0831-10-0366-I-1, Initial Appeal File, Tab 1.[2]

¶4        On May 19, 2010, the Board issued an initial decision affirming OPM's January 6, 2010 reconsideration decision denying the appellant's September 2, 2008 application for survivor's benefits.  IAF, Tab 5 at 18, 27; *Owen v. Office of Personnel Management*, MSPB Docket No. SF-0831-10-0366-I-1, Initial Decision (May 19, 2010).  The Board found that the appellant's late husband withdrew the retirement deductions covering his 1945 employment, and therefore he and his survivors were ineligible for a Civil Service Retirement System (CSRS) annuity based on that service.  IAF, Tab 5 at 27.  The Board further found that the appellant's service in a NAFI position was neither creditable nor covered by the Civil Service Retirement Act, and therefore that neither he nor the appellant, as his survivor, was eligible for a CSRS annuity based on that service.  *Id*.  The Board also considered and rejected the appellant's argument that she is eligible to make a deposit into the Fund pursuant to 5 U.S.C. § 8334(c), finding that section of the Act did not apply to current, former, disabled, retired or deceased NAFI employees.  *Id*. at 24.  The appellant filed a petition for review, which the Board denied on November 2, 2010.  *Id*. at 9.  The appellant subsequently appealed to the U.S. Court of Appeals for the Federal Circuit, which dismissed her appeal on January 28, 2011.  *Id*. at 7.

¶5        On March 1, 2015, the appellant filed an application with OPM asking for the opportunity to make a deposit or redeposit into the Fund to make a service credit payment based on her late husband's service.  IAF, Tab 5 at 6.  On April 16, 2015, OPM issued a final response stating that the Board previously issued a decision denying her request because "[A] retroactive deposit does not convert a non-covered position into a covered position."  *Id*. at 5 (quoting *Quiocson v. Office of Personnel Management*, 490 F.3d 1358 (Fed. Cir. 2007)).

---

[2] Unless otherwise indicated, all record citations are to the case file in the present appeal of MSPB Docket No. SF-0831-15-0543-I-1.

The appellant filed a timely appeal with the Board and OPM filed a motion to dismiss the appeal as barred by the doctrine of res judicata. IAF, Tabs 1, 5. OPM argued that res judicata applied because the appellant received a final decision on the merits of her case in the Board's final decision issued in MSPB Docket No. SF-0831-10-0366-I-1 (Owen II) and that the Federal Circuit dismissed her appeal of the Board's decision. IAF, Tab 1, Tab 5 at 4.

¶6      The administrative judge ordered the appellant to show cause why her appeal should not be dismissed as barred under the doctrine of res judicata or otherwise decided based on collateral estoppel. IAF, Tab 6. In response to the show cause order, the appellant argued that her appeal should be "reopened for due process" and that her late husband received misinformation in 1946 when he requested a refund of his Fund deposits, and later when he refused to participate in the NAFI retirement plan. IAF, Tab 7. The appellant stated that her late husband was disabled and hospitalized when he separated from his NAFI position in 1991 and that she ignorantly neglected to file for disability or immediate retirement on his behalf. *Id*. at 4-5.

¶7      The appellant also argued, inter alia, that she "is eligible to file for redeposit as stated in 5 USC 8334(h)." *Id*. at 5. She argued that, under current law, certain employees who have moved since January 1, 1987, between NAFI positions and civil service positions, can make an election to continue their NAFI or CSRS retirement. *Id*. The appellant also stated that "Public Law 104-106, enacted February 10, 1996, allowed additional retirement credit opportunities for employees who moved between [NAFI] and civil service positions after December 31, 1965, under certain conditions specified in the new law." *Id*. In support of her argument, the appellant submitted an April 4, 1996 OPM Benefits Administration Letter concerning the new provisions affecting certain NAFI positions in Public Law 104-106, The National Defense Authorization Act for Fiscal Year 1996. IAF, Tab 10 at 4. In the benefits letter, OPM emphasized that: "Employees who retire before the effective date of the regulations implementing

the new provisions will not be able to make elections under the new law." *Id*. at 4, 6 (emphasis in original).

¶8    The administrative judge found that the Board had jurisdiction over the appeal and dismissed the appeal as barred by the doctrine of res judicata.  IAF, Tab 7; ID at 7-8.  The administrative judge found that, in Owen II, the appellant received a final decision from a forum with competent jurisdiction (the Board), on the merits of all the issues that she raised in this appeal, and that the same parties were involved in both cases.  ID at 4-7.  The administrative judge also found that, even if res judicata did not bar this appeal, collateral estoppel would have precluded it.  *Id*.

¶9    The appellant filed a petition for review reasserting the arguments she made in response to the show cause order, in addition to arguing that the administrative judge appeared biased and the initial decision was not in accordance with law.  Petition for Review (PFR) File, Tab 1 at 4-5; IAF, Tab 7.  The appellant also submits an August 9, 1996 Department of Defense policy on Retirement Coverage Election Under Section 1043, Pub. L. No. 104-106, and a page from the April 1998 CSRS and FERS (Federal Employees' Retirement System) Handbook addressing NAFI service credit under CSRS.  PFR File, Tab 1 at 6-12.  The agency filed a response in opposition to her petition.  PFR File, Tab 4.

¶10    Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  For res judicata purposes, a cause of action is the set of facts that gives an appellant the right to seek relief from an agency.  *Frias v. U.S. Postal Service*, 63 M.S.P.R. 276, 280, *aff'd*, 43 F.3d 1486 (Fed. Cir. 1994) (Table).

¶11    After fully considering the appellant's evidence and arguments on review, we conclude that there is no new previously unavailable evidence and that the appellant has not shown that the administrative judge erred in dismissing her appeal as barred by res judicata.  The administrative judge found that res judicata applied to preclude the appellant from relitigating in this appeal the issues that were, or could have been, raised in Owen II, because all three of the criteria in *Peartree* have been satisfied.  ID at 4-7.  The appellant offers no contrary argument on review, despite her assertion that the initial decision is not in accordance with law.[3]

¶12    Although the appellant also argues that the administrative judge appeared biased, she offers no evidence or argument that the administrative judge's comments or actions evidenced "a deep-seated favoritism or antagonism that would make fair judgment impossible."  PFR File, Tab 1 at 4; *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Because the appellant's remaining arguments present no reason to disturb the initial decision, we deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] An appealable action should be reversed as being "not in accordance with law" under 5 U.S.C. § 7701(c)(2)(C) if the agency's action is unlawful in its entirety, i.e., if there is no legal authority for the action.  *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683-84 (1991).  We find that the appellant has not shown that the initial decision is unlawful.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.