# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAMIAN F. SENENCE,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
SF-0831-16-0803-I-1

DATE: January 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rufus F. Nobles I</u>, San Narciso, Zambales, Philippines, for the appellant.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) denying his application for deferred retirement under the Civil Service Retirement System

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(CSRS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant did not seek to make a deposit into the Civil Service Retirement and Disability Fund (Fund), we AFFIRM the initial decision.

## BACKGROUND

¶2      The administrative judge made the following factual findings, which the parties do not dispute on review. The appellant formally worked as a civilian employee of the Department of the Navy in Cubi Point, Philippines. Initial Appeal File (IAF), Tab 2 at 10; Tab 3, Initial Decision (ID) at 2. He received an indefinite appointment in the excepted service on July 18, 1966, and his subsequent appointments were either temporary or indefinite appointments in the excepted service until he resigned on May 15, 1992. ID at 2; IAF, Tab 2 at 10, 13, 16-17; Petition for Review (PFR) File, Tab 1 at 3. Below, the parties submitted only one Standard Form 50 (SF-50), which documents the appellant's retirement plan as "other." IAF, Tab 2 at 10; ID at 2. The SF-50 remarks section stated that he was covered by the retirement system applicable to employees hired

pursuant to the Filipino Employees Personnel Instructions (FEPI). IAF, Tab 2 at 10; ID at 3.

¶3 On January 28, 2014, more than 20 years after the appellant retired, he applied for a deferred retirement annuity under the CSRS based on his service from July 18, 1966, to May 15, 1992.[2] IAF, Tab 2 at 8-9; ID at 4. OPM issued a reconsideration decision denying his application. IAF, Tab 2 at 6-7.

¶4 The appellant appealed OPM's reconsideration decision to the Board, and he declined a hearing on his appeal.[3] IAF, Tab 1 at 1, 3. The administrative judge issued an initial decision affirming OPM's reconsideration decision. ID at 2, 7-11. She found that although the appellant had sufficient creditable Federal service, he was not eligible for a deferred annuity under the CSRS because he failed to show that any of that service was performed in a position covered under the CSRS. ID at 7-11. The appellant has filed a petition for review. PFR File, Tab 1. OPM has filed a response in opposition to his petition. PFR File, Tab 4.

¶5 The appellant, as an applicant, bears the burden of proving his entitlement to an annuity. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). To qualify for a civil service retirement annuity, a Government employee must complete at least 5 years of creditable service with at least 1 of the last 2 years of his Federal service in a "covered" position. 5 U.S.C.

---

[2] The administrative judge characterized the appellant as also seeking the right to make a deposit to the Fund. ID at 4. This characterization was consistent with OPM's interpretation of a letter that the appellant submitted with his deferred annuity application. IAF, Tab 2 at 6-7. However, his argument was that he was not required to make such a deposit to be eligible for an annuity. IAF, Tab 1 at 3; PFR File, Tab 1 at 2. Accordingly, we modify the initial decision to find that the appellant only applied for a deferred annuity.

[3] This appeal was originally consolidated with seven other simultaneously filed appeals making virtually identical claims, but the administrative judge terminated the consolidation and issued a separate initial decision for each appellant. ID at 2 n.1; *see Eight Philippine Retirement Applicants v. Office of Personnel Management*, MSPB Docket No. SF-0831-16-0806-I-1, Initial Appeal File, Tab 6.

§ 8333(a)-(b); *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Covered service includes only an appointment that is subject to the CSRS and for which an employee must therefore deposit part of his pay into the Fund. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 7 (2011).

¶6          The administrative judge affirmed OPM's reconsideration decision based on her finding that the appellant was not eligible for a CSRS annuity because he had not served in a position covered by the CSRS. ID at 6-7, 9. On review, the appellant argues that his service was covered by virtue of 5 C.F.R. § 831.303(a) and 5 U.S.C. § 8334(c). PFR File, Tab 1 at 3-16. For the reasons discussed below, we agree with the administrative judge's decision to affirm the OPM reconsideration decision.

¶7          Well-established principles of law preclude this appellant from qualifying for a deferred annuity. Temporary and indefinite appointments are excluded from CSRS coverage. *Quioscon*, 490 F.3d at 1360; *Encarnado*, 116 M.S.P.R. 301, ¶ 8; 5 C.F.R. § 831.201(a)(1)-(2), (13)-(14). The appellant's reliance on 5 C.F.R. § 831.303(a) is misplaced, as that section only addresses whether service is creditable, not whether it is covered. *See Tate v. Office of Personnel Management*, 109 M.S.P.R. 57, ¶¶ 7-8 (2008) (explaining that section 831.303(a) provides CSRS credit for pre-1969 Federal service). Further, 5 U.S.C. § 8334(c), which permits certain individuals to make deposits, does not support the appellant's claims. Section 8334(c) applies only to individuals who, unlike the appellant, have covered service, in other words, service during which contributions to the Fund were withheld. *Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶¶ 12-13 (2010); 5 C.F.R. § 831.112(a)(2) (interpreting section 8334(c) as permitting an individual who occupied a position "in which retirement deductions were properly withheld" to make a deposit or

redeposit). The appellant has not alleged that such contributions were withheld.

¶8 Accordingly, we deny the petition for review and affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.