**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTONIO T. PINLAC,
                    Appellant,

          v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
SF-0831-16-0800-I-1

DATE: February 10, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rufus F. Nobles, I, Zambales, Philippines, for the appellant.

Jane Bancroft, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his application for deferred retirement under the Civil Service Retirement System (CSRS).  Generally, we grant petitions such as this one only

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant did not seek to make a deposit into the Civil Service Retirement and Disability Fund (Fund), we AFFIRM the initial decision.

## BACKGROUND

¶2 The administrative judge made the following factual findings, which the parties do not dispute on review. The appellant formerly worked as a civilian employee of the Department of the Navy (Navy) in Subic Bay, Philippines. Initial Appeal File (IAF), Tab 2 at 10; Tab 3, Initial Decision (ID) at 2. He received an indefinite appointment as a Refrigeration and Air Conditioning Mechanic on October 20, 1965, and his appointment was converted to an excepted service-indefinite appointment on September 25, 1966. IAF, Tab 2 at 11. Based on the single Standard Form 50 (SF-50) submitted below, the appellant appears to have served in this excepted service-indefinite appointment until his resignation on December 26, 1977. *Id.* The SF-50 documents the appellant's retirement plan coverage as "4" and "none." *Id.* at 10-11.

¶3     On July 22, 2014, the appellant applied for a deferred retirement annuity under the CSRS based on his service with the Navy from October 20, 1965, to December 26, 1977.[2]  OPM issued a reconsideration decision denying his application.  *Id*. at 6-7.  The appellant appealed OPM's reconsideration decision to the Board, and he declined a hearing on the appeal.[3]  The administrative judge issued an initial decision affirming OPM's reconsideration decision.  ID at 11.  She found that, although the appellant had sufficient creditable Federal service, he was not eligible for a deferred annuity because he failed to show that any of that service was performed in a position covered under the CSRS.  ID at 10-11.

¶4     The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  OPM has filed a response in opposition to his petition.  PFR File, Tab 4.

## DISCUSSIONS OF ARGUMENTS ON REVIEW

¶5     The appellant, as an applicant, has the burden of proving his entitlement to an annuity.  *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986).  To qualify for a civil service retirement annuity, a Government employee must complete at least 5 years of creditable service with at least one of the last 2 years of his Federal service in a "covered" position.  5 U.S.C. § 8333(a)-(b); *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).  Covered service includes only an appointment that

---

[2] The administrative judge characterized the appellant's appeal as also seeking the right to make a deposit to the Fund.  ID at 3-4.  This characterization was consistent with OPM's interpretation of a letter that the appellant submitted with his deferred annuity application.  IAF, Tab 2 at 4-7.  However, the record reflects that his argument was that he was not required to make such a deposit to be eligible for an annuity.  IAF, Tab 1 at 3, Tab 2 at 14-16; Petition for Review File, Tab 1 at 1.  Accordingly, we modify the initial decision to find that the appellant only applied for a deferred annuity.

[3] This appeal was originally consolidated with seven other simultaneously filed appeals making virtually identical claims, but the administrative judge terminated the consolidation on the same date that she issued the initial decision.  ID at 1 n.1; *see Eight Philippine Retirement Applicants v. Office of Personnel Management*, MSPB Docket No. SF-0831-16-0806-I-1, Consolidation Appeal File, Tab 6.

is subject to the CSRS and for which an employee must therefore deposit part of his pay into the Fund. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 7 (2011).

¶6      The administrative judge issued an initial decision affirming OPM's reconsideration decision based on her finding that the appellant was not eligible for a CSRS annuity because he had not served in a position covered by the CSRS. ID at 7-11. On review, the appellant appears to argue that his service was covered because 5 C.F.R. § 831.303(a), a regulation issued in 1983, "retroactively vested the CSRS deposit" to his prior service. PFR File, Tab 1 at 2-16. He also argues that the retirement system available to employees hired pursuant to the Filipino Employees Personnel Instructions (FEPI) is not another retirement system for Government employees that would preclude his coverage under the CSRS. *Id*. at 16-17. In addition, he submits documents with his petition for review.[4] For the reasons discussed below, we agree with the administrative judge's decision to affirm OPM's reconsideration decision.

¶7      Well-established principles of law preclude this appellant from qualifying for a deferred retirement annuity. Temporary and indefinite appointments are excluded from CSRS coverage. *Quiocson*, 490 F.3d at 1360; *Encarnado*, 116 M.S.P.R. 301, ¶ 8; 5 C.F.R. § 831.201(a)(1)-(2), (6), (13)-(14). The appellant's reliance on 5 C.F.R. § 831.303(a) is misplaced, as that section addresses only whether service is creditable, not whether it is covered. *See Tate v. Office of Personnel Management*, 109 M.S.P.R. 57, ¶¶ 7-8 (2008) (explaining that section 831.303(a) provides CSRS credit for pre-1969 Federal service).

---

[4] We decline to consider these new documents on review. The appellant has not indicated why these documents, which are dated 1959, 1980, 1985, and 1992, were not available below despite his due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (explaining that under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

Further, 5 U.S.C. § 8334(c), which permits certain individuals to make deposits, does not support the appellant's claims. Section 8334(c) applies only to individuals who, unlike the appellant, have covered service; in other words, service during which contributions to the Fund were withheld. *Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶¶ 12-13 (2010); 5 C.F.R. § 831.112(a)(2) (interpreting section 8334(c) as permitting an individual who occupied a position "in which retirement deductions were properly withheld" to make a deposit or redeposit). The appellant has not alleged that such contributions were withheld.

¶8　　　　The appellant's argument regarding the FEPI is likewise unavailing. Receipt of retirement benefits under a non-CSRS plan, such as the FEPI, indicates that service is not covered.[5] *Espiritu v. Office of Personnel Management*, 114 M.S.P.R. 192, ¶ 8 (2010), *aff'd per curiam*, 431 F. App'x 897 (Fed. Cir. 2011). Section 8331(1)(L)(ii) of Title 5 provides that an employee who received benefits under a non-CSRS plan available to Government employees does not have covered service. *Quiocson*, 490 F.3d at 1360. The U.S. Court of Appeals for the Federal Circuit has found the FEPI to be such a retirement system, and the appellant has provided no evidence to the contrary. *Id*.; PFR File, Tab 1 at 16-18.

¶9　　　　Accordingly, we deny the appellant's petition for review and affirm the initial decision, as modified.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[5] Here, because the record reflects that the appellant's retirement coverage was "none," there is no indication that he was covered under the FEPI.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.