**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANDREW BELL,
        Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
AT-0845-22-0496-I-1

DATE: August 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew Bell</u>, Atlanta, Georgia, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that the appellant received an overpayment of his disability retirement benefits under the Federal Employees' Retirement System, denied his

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

request for a waiver, and set a collection schedule. On review, the appellant argues, among other things, that he did not know that he had to set aside the Social Security Administration's award of retroactive benefits, he notified OPM upon receipt of the award, OPM had egregiously delayed this process, and that he was entitled to an adjustment of the collection schedule. Petition for Review (PFR) File, Tab 1 at 5-17. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant also claimed on review that there are portions of the hearing, including his testimony, which are inaudible due to the poor quality of the hearing recording. PFR File, Tab 1 at 11-12, 17-20. We acknowledge that significant portions of the audio recording of the hearing are inaudible. Initial Appeal File (IAF), Tab 38-1. Nevertheless, the administrative judge, who issued the initial decision, is the same administrative judge who was present during the hearing. The administrative judge's credibility determinations are implicitly based on witness demeanor, and the appellant's disagreement with the administrative judge's findings, without more, is insufficient to overcome the deference to which such determinations are entitled. *See, e.g.*, *Purifoy v. Department of Veterans*

*Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (explaining that the Board must give "special deference" to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed"); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board may overturn demeanor-based credibility determinations only when it has "sufficiently sound" reasons for doing so). Furthermore, the appellant does not contend that the administrative judge was incapacitated or otherwise unable to take notes during the hearing, or observe the testimony of witnesses, which might call his credibility determinations into question. Accordingly, because the appellant has only offered uncorroborated and conclusory statements, we discern no basis to disturb the initial decision.[2] *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (explaining that the Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[2] On review, the appellant alleges that the administrative judge abused his discretion by, among other things, granting OPM's extension requests and allowing OPM to submit late filings, and that he "distort[ed] the facts and truth" such that the initial decision contained "falsities and outright lies." PFR File, Tab 1 at 1-6, 8-11, 13-14, 16-17. Administrative judges have broad discretion to control the proceedings before them, and, absent a showing of abuse of discretion, the Board will not find reversible error. 5 C.F.R. § 1201.41(b); *see Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 9. Further, there is a presumption of honesty and integrity on the part of administrative judge that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on the administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). We find that the appellant's conclusory and unsupported assertions of abuse of discretion and bias are insufficient to find reversible error.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.