# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GERALDINE TALLEY HOBBY,
      Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
      Agency.

DOCKET NUMBER
DC-831E-20-0322-B-1

DATE: May 8, 2026

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Geraldine Talley Hobby, Mitchellville, Maryland, pro se.

Jane Bancroft, Alison Pastor, and Paula Thompson, Washington, D.C.,
    for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her application for Civil Service Retirement System (CSRS) disability retirement benefits. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that another reason that the appellant is not entitled to a CSRS annuity benefit is that she failed to prove that she had covered service under the CSRS, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as an Art Teacher by the D.C. Public School System (DCPS) from 1967 to 1992. *Hobby v. Office of Personnel Management*, MSPB Docket No. DC-831E-20-0322-I-1, Initial Appeal File (IAF), Tab 7 at 25; *Hobby v. Office of Personnel Management*, MSPB Docket No. DC-831E-20-0322-B-1, Remand File (RF), Tab 4 at 98. She made contributions to the D.C. Teachers' Retirement System. IAF, Tab 10 at 91-92; RF, Tab 4 at 121. In April 1997, she received a refund of her retirement contributions in the D.C. Teachers' Retirement System. IAF, Tab 10 at 91-92. In November 2018, she submitted an application for CSRS disability retirement benefits to OPM. IAF, Tab 8 at 116-118. In December 2019, OPM issued a reconsideration decision denying the appellant's application for CSRS disability retirement benefits

because there was no evidence that she had made any contributions to CSRS. IAF, Tab 7 at 4.

In January 2020, the appellant filed a Board appeal challenging OPM's reconsideration decision. IAF, Tab 1 at 3-6. The administrative judge issued an initial decision finding the appeal was barred by collateral estoppel. IAF, Tab 37, Initial Decision (ID) at 1. Following a petition for review, the Board concluded that the appellant was not precluded from raising the denial of CSRS annuity benefits. *Hobby v. Office of Personnel Management*, MSPB Docket No. DC-831E-20-0322-I-1, Remand Order (RO) at 4-6 (July 9, 2024). Accordingly, the Board issued a July 9, 2024 nonprecedential Remand Order that vacated the initial decision and remanded the appeal for adjudication on the merits. *Id*. at 1-2, 6, 8. The Board ordered the appellant to clarify her claim and remanded for development of the record and the appellant's requested hearing. *Id*. at 4-6.

On remand, the appellant clarified that she was appealing the denial of her application for CSRS disability retirement benefits and reiterated that she was entitled to such benefits based on her service with DCPS. RF, Tabs 11, 21, 25, 36. Because the appellant engaged in contumacious conduct during the remand proceedings, the newly assigned administrative judge sanctioned the appellant by cancelling the scheduled hearing. RF, Tab 34.

After providing the parties with an opportunity to respond to the material issues, the administrative judge issued a remand initial decision based on the written record, affirming OPM's reconsideration decision. RF, Tab 48, Remand Initial Decision (RID) at 2. The administrative judge found that the appellant was ineligible for CSRS disability retirement benefits because (1) she failed to prove that she completed creditable CSRS service and (2) even if she had completed creditable CSRS service, she failed to file her application for CSRS disability retirement benefits within 1 year of her separation from service, and she did not

claim that her failure to do so was the product of mental incompetence. RID at 6-8. He denied all of the appellant's outstanding motions. RID at 9 n.10.

The appellant has filed a petition for review of the remand initial decision. *Hobby v. Office of Personnel Management*, MSPB Docket No. DC-831E-20-0322-B-1, Remand Petition for Review (RPFR) File, Tab 3. The agency has responded to the petition for review and the appellant has replied. RPFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant failed to prove that she had covered service under the CSRS.

The administrative judge concluded that the appellant did not have creditable service under the CSRS. RID at 6-7. On review, the appellant asserts that she is covered by the CSRS under "Chapter 26A of the D.C. personnel regulations," the Comprehensive Merit Personnel Act of 1978, and 5 C.F.R. part 831. RPFR File, Tab 3 at 35. She also asserts that other DCPS employees "are now receiving CSRS," and certain D.C. employees, including teachers, who were hired on or before September 30, 1987, are eligible for CSRS. *Id*. at 36. She argues that she received Office of Workers' Compensation Programs benefits when she was employed by DCPS. *Id*. at 37.

In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of persuasion by preponderant evidence. *Bray v. Office of Personnel Management*, 97 M.S.P.R. 209, ¶ 12 (2004). Two types of Federal service are pertinent to a determination of whether an individual is entitled to a CSRS retirement annuity: "creditable service" and "covered service." *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 7 (2011). Almost all Federal civilian service is creditable service, while covered service is more limited in scope.[2] *Id*. Covered service refers to an

---

[2] The administrative judge found that the appellant's service was not creditable in part because she received a refund of her contributions to the District of Columbia Teachers' Retirement Systems. RID at 3, 6-7. We agree. Absent a redeposit, "credit may not be allowed" when an employee has received a refund for creditable service. 5 U.S.C.

appointment subject to the Civil Service Retirement Act and for which an employee must deposit part of her basic pay into the Civil Service Retirement and Disability Fund. *Anahaw v. Office of Personnel Management,* 85 M.S.P.R. 646, ¶ 4 (2000); *Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323-34 (1990), *aff'd per curiam*, 925 F.2d 1478 (Fed. Cir. 1991) (Table). Only individuals separated from a position covered by CSRS can qualify for disability retirement. *Mangaliag v. Office of Personnel Management*, 65 M.S.P.R. 227, 231 (1994).

Here, the appellant does not claim that her employer deposited a portion of her pay into the Fund. IAF, Tab 10 at 91-92; RF, Tab 4 at 162, 167. According to the District of Columbia and OPM, the appellant was in a District of Columbia retirement system throughout her employment with the DCPS and she never contributed to the CSRS. IAF, Tab 4 at 162, 165, 183, 198. The absence of CSRS deductions is an indication that an employee was not serving in a covered position. *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). However, that does not end our inquiry because service is covered when an employer failed to take out such deductions from an employee's pay but should have. *Noveloso*, 45 M.S.P.R. at 324 n.2.

An employing agency is required to deduct contributions from the pay of an "employee." 5 U.S.C. § 8334(a)(1). Although an "employee" generally includes "an individual first employed by the District of Columbia before October 1, 1987," 5 U.S.C. § 8331(1)(G), it excepts an individual subject "to another retirement system for Government employees." 5 U.S.C. § 8331(1)(ii); *see Dela Rosa v. Office of Personnel Management*, 583 F.3d 762, 762-63 (Fed. Cir. 2009) (concluding that a collective bargaining agreement negotiated between the petitioner's union and the U.S. Armed Forces Bases in the

§ 8334(d)(1). Thus, as the administrative judge concluded, by receiving a refund of her deductions in April 1997, the appellant essentially lost her creditable service. RF, Tab 10 at 92.

Philippines created "another retirement system" under 5 U.S.C. § 8331(1)(ii) (citations omitted)); *Mukherjee v. Office of Personnel Management*, 48 M.S.P.R. 640, 642-43 (1991) (concluding that an individual was not an "employee" under 5 U.S.C. § 8331(1)(ii) for periods he was covered by the Tennessee Valley Authority's retirement system). The "Government" for purposes of the CSRS includes the District of Columbia. 5 U.S.C. § 8331(7).

Throughout her career, the appellant contributed to a retirement fund specific to teachers of the District of Columbia. RF, Tab 4 at 198, 205; *see* District of Columbia Retirement Reform Act, Pub. L. No. 96-122, § 123(a), 93 Stat. 866, 873 (1979) (establishing the District of Columbia Teachers' Retirement Fund, and acknowledging its predecessor, the District of Columbia teachers' retirement and annuity fund established in 1946). According to the District of Columbia and OPM, the appellant was in a retirement system for District of Columbia teachers throughout her employment with the DCPS and she was not eligible to be a CSRS participant. RF, Tab 4 at 162, 165, 183, 198.

An employee's receipt of benefits under a non-CSRS plan is another indication that her service was not covered under the CSRS. *Quiocson*, 490 F.3d at 1360. According to the District of Columbia and OPM, the appellant did not receive benefits under the retirement system for District of Columbia teachers, because she requested and received a refund of her retirement contributions in April 1997. RF, Tab 4 at 162, 165, 198. She may have been eligible for those benefits had she not done so. Because the appellant was covered by another Government retirement system, her service was necessarily excluded from CSRS coverage.

In light of our finding, we need not decide whether the administrative judge properly determined that the appellant was not entitled to a waiver of the deadline for filing a CSRS disability retirement application. RID at 6-8. To the extent that the parties address that issue on review, we decline to consider it here. RPFR File, Tab 3 at 13-15, 35-39, Tab 5 at 3-4, Tab 6 at 2-4. Similarly, to the extent

the appellant addresses the elements of the test for eligibility for a CSRS disability retirement annuity that the administrative judge did not reach, any such assertions are unavailing.

<u>The administrative judge did not abuse his discretion when he cancelled the scheduled hearing as a sanction against the appellant.</u>

The appellant asserts that the administrative judge abused his discretion by cancelling the scheduled hearing. RPFR File, Tab 3 at 35. An administrative judge may impose sanctions as necessary to serve the ends of justice. 5 C.F.R. § 1201.43. That authority includes the right to cancel a scheduled hearing for "contumacious conduct or conduct prejudicial to the administration of justice on the part of the appellant." 5 C.F.R. § 1201.43(e).

Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013). The abuse of discretion standard is a very high standard and allows for great deference to the administrative judge. *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010). An appellant's right to a hearing, however, should not be denied as a sanction absent extraordinary circumstances. *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 8 (2007). Such circumstances include a party's repeated failure to comply with Board orders and contumacious conduct. *See Heckman*, 106 M.S.P.R. 210, ¶¶ 8-12 (determining that an administrative judge did not abuse her discretion when she canceled a hearing after the appellant failed to respond to three separate orders without a good explanation); 5 C.F.R. § 1201.43(e) (permitting an administrative judge to cancel a hearing for contumacious conduct). As discussed below, we find that the administrative judge did not abuse his discretion by cancelling the scheduled hearing. RF, Tab 34. He documented the appellant's behavior in the proceedings below and the appellant does not challenge his description of her behavior.

On December 19, 2024, following the appellant's rude, argumentative, and contumacious conduct toward the support staff of the Board's Washington Regional Office, the administrative judge provided the appellant with the Board's Policy on Prohibited Conduct (Policy) and warned the appellant that a violation of the Policy would result in the issuance of sanctions pursuant to 5 C.F.R. § 1201.43. RF, Tabs 23-24. On January 3 and 15, 2025, the appellant contacted the Board's Washington Regional Office and asked the support staff numerous questions regarding the administrative judge's race, political affiliations, and professional qualifications, among other things. RF, Tabs 26, 30. The Board has previously described similar behavior, specifically, the use of misogynistic invective when describing staff of the Board, as being inappropriately dismissive and demonstrating bad faith. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 14 (2016).

The administrative judge issued a January 16, 2025 order to show cause observing that the appellant had repeatedly engaged in conduct that ran counter to the Policy, warning her that he may sanction her by denying her request for a hearing and providing her the opportunity to show cause as to why he should not do so. RF, Tab 30 at 1-3. On January 30, 2025, the appellant repeatedly phoned the Board's Washington Regional Office, demanding that the Board take actions on her behalf and inquiring as to the identity of Board staff. RF, Tab 30 at 1-3.

In response to the appellant's conduct and her continued failure to comply with his orders, the administrative judge issued a February 7, 2025 sanctions order cancelling her requested hearing. RF, Tab 34 at 3. The administrative judge noted that these tactics were not new for the appellant because she had acted similarly in her previous Board appeals by filing multiple irrelevant pleadings, contacting various Board offices, and lodging personal attacks toward administrative judges. *Id*. We find that, in light of the egregious and persistent nature of the appellant's conduct, the administrative judge appropriately exercised his discretion in sanctioning her by cancelling her requested hearing.

The appellant's claim of bias is unavailing.

The appellant alleges that the administrative judge was biased, he created a hostile atmosphere in a status conference, and he used it "as an excuse to impose his unjust sanctions." RPFR File, Tab 3 at 35. She suggests that the administrative judge erred in denying her motions that he recuse himself and observes that the Washington Regional Office's Regional Director ignored her requests that the administrative judge be recused. *Id*. at 35-36.

In making a claim of bias or prejudice against an administrative judge, a party must make a substantial showing of personal bias to overcome the presumption of honesty and integrity of administrative judges. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002).

The appellant's broad, general allegations that the administrative judge created a "hostile environment" based on his "tone" are insufficient to overcome the presumption of honesty and integrity of the administrative judge. *See Vaughn*, 119 M.S.P.R. 605, ¶ 19. Even if the appellant's allegations are true, judicial comments "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a finding of bias or partiality." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The mere fact that the administrative judge rules against a party likewise does not establish bias. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015).

We also discern no basis for recusal of the administrative judge, insofar as the appellant raises such a claim on review. The Board requires recusal when an administrative judge's impartiality might reasonably be questioned. *Department of Health & Human Services v. Jarboe*, 2023 MSPB 22, ¶ 12 (citing 28 U.S.C. § 455(a)). Other than her vague allegations, discussed above, the

appellant has not alleged any specific facts suggesting that the administrative judge could not impartially address the issues in this case. Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.